**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MARIO McCANN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:07-cv-175-SEB-TAB |
| | ) | |
| EDWIN BUSS, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by Mario McCann the court concludes that this action must be dismissed with prejudice. This conclusion is based on the following facts and circumstances:

1.      Because McCann's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir. 2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

2.      McCann challenges his 1999 convictions in Marion County for attempted murder, burglary and attempted rape. His convictions and sentences were ultimately affirmed on direct appeal by the Indiana Supreme Court on June 20, 2001. *See McCann v. State,* 742 N.E.2d 998, 1001-02 (Ind.Ct.App. 2001), *aff'd in part and vacated in part* by 749 N.E.2d 1116 (Ind. 2001).

3.     McCann's convictions became final, for habeas corpus purposes, on September 18, 2001, the date when the time to file a petition for a writ of certiorari expired. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Accordingly the statute of limitations established by 28 U.S.C. 2244(d) began to run on September 18, 2001.

4.     The running of the statute continued until McCann filed an action for post-conviction relief in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). At that time, McCann had used 363 days of his 1-year statute, leaving 3 days unused. The appeal from the post-conviction action resulted in McCann being re-sentenced, *see McCann v. State,* No. 854 N.E.2d 905 (Ind.Ct.App. 2006), which occurred on December 1, 2006. At the latest, therefore, the habeas statute of limitations expired 3 days later, on December 4, 2006.

5.     McCann did not meet his filing deadline. He has not argued otherwise. His petition was filed with the clerk on February 8, 2007, and is not dated. Thus, it was filed more than two (2) months after the statute of limitations expired.

6.     "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, McCann has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence he is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _06/12/2007_

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana